IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES,

                           Petitioner,

    v.

ROBERT WERLINGER,

                           Respondent.

ORDER

13-cv-16-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Samual Haywood Myles is confined at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges his classification score under the Bureau of Prisons' program statement 5100.08. That score, which takes into account a variety of factors such as detainers, the current offense, prior commitments and any history of escape or violence, is used by the Bureau of Prisons and institution staff to make custody recommendations and decisions. Petitioner contends that his classification score was calculated incorrectly and in particular, that his score was enhanced improperly on the basis of a violent offense for which he was not convicted. As a result, he says, he has been denied a transfer to a minimum security institution. He requests that the Bureau be required to recalculate his classification score.

      Unfortunately, I cannot consider the merits of petitioner's claim because his claim is

1

not the type that can be raised in a petition under § 2241. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." Id. See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (habeas is proper vehicle for presenting claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense"). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. Bunn v. Conley, 309 F.3d 1002, 1008 (7th Cir. 2002); DeWalt v. Carter, 224 F.3d 607, 617 (7th Cir. 2000); Pischke, 178 F.3d at 499; Graham, 922 F.2d at 381.

Because petitioner is challenging his conditions of confinement rather than the fact of his custody, he must bring a civil action rather than a petition under § 2241. Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (habeas petition improper vehicle for challenging constitutionality of "transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges"). Two possibilities exist: a claim against the person or persons who made the determination regarding plaintiff's classification under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 233 (1971), or a claim against the Bureau of Prisons under the provisions of the

Administrative Procedure Act, 5 U.S.C. § 551.

I cannot tell petitioner at this stage whether he would be able to state a claim under either theory. When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two types of cases. Moran, 218 F.3d at 649 ("Prisoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress."); Pischke, 178 F.3d at 500 (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). For example, the filing fee is $5 for a habeas petition, but $350 for a civil action. In addition, the Prison Litigation Reform Act applies to civil cases, but not to habeas petitions. Under the PLRA, petitioner would be required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, the Act requires the court to screen petitioner's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the in forma pauperis statute unless he is in imminent danger of serious physical harm.

Accordingly, no action will be taken in this case until petitioner clarifies his intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so,

although in that case I will dismiss the action promptly for his failure to show that he is in custody in violation of the Constitution or laws of the United States. If he decides to pursue a civil action he will have to advise the court of that fact no later than April 11, 2013. If petitioner chooses the second route, he must either pay the $350 filing fee or submit a request for leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Samuel Haywood Myles may have until April 11, 2013, to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under federal law. If he chooses to proceed with a civil lawsuit, he must submit no later than April 11, 2013, either (1) a check or money order made payable to the clerk of court in the amount of $350; or (2) a request for leave to proceed in forma pauperis. If petitioner does not respond by April 11, 2013, I will dismiss his petition for failure to show he is in custody in violation of the Constitution or laws of the United States.

Entered this 1st day of April, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge